UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Tellis,                  Case No. 3:20-cv-179

    Plaintiff

v.                                      MEMORANDUM OPINION AND ORDER

Andrew Robert Shuman,

    Defendant

*Pro se* plaintiff Christopher Tellis brings this action against defendant Andrew Robert Shuman alleging fraud in connection with Shuman's actions as Tellis' counsel. (Doc. 1; Doc. 1-1).

For the following reasons, I dismiss this action.

### BACKGROUND

Tellis is confined at the North Central Correctional Complex, located in Marion, Ohio. Plaintiff states that defendant Shuman was paid $2,500 to handle his case. But Tellis alleges that Shuman did not actually work on his case, filed motions without Plaintiff's consent that harmed his case, and hindered Tellis' new attorney. Tellis also claims that Shuman refused to return his fee until "Disciplinary Counsel Office" ordered Shuman to return a portion of the fee he received to represent Tellis. For relief, Tellis seeks $100,000 and the removal of Shuman's license to practice law. (Doc. 1).

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898

F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

Federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Therefore, federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted).

Generally speaking, the Constitution and Congress have given federal courts authority over a case only when the case raises a federal question (28 U.S.C. § 1331) or when diversity of citizenship exists between the parties (28 U.S.C. § 1332). *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.").

Tellis' tort claim for fraud sounds in state law. Because he brings a state law claim and not a federal question, my subject matter jurisdiction over this action depends upon satisfaction of the requirements of 28 U.S.C. § 1332. Tellis, as the party bringing this action in federal court, bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

Diversity jurisdiction (28 U.S.C. § 1332) is applicable to cases of sufficient value between citizens of different States. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Both diversity of citizenship and the jurisdictional amount must be satisfied to establish diversity jurisdiction.

To establish diversity of citizenship, Plaintiff must show that he is a citizen of one State and Shuman is a citizen of another State. The citizenship of a natural person equates to his domicile.

*Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Plaintiff's address of record is the North Central Correctional Complex. The domicile of a prisoner is not the State in which he is incarcerated, but where he intends to return. *See Tucker v. U.S. Bank, N.A.*, No. 1:13 CV 1260, 2014 WL 1224362, at *3 (N.D. Ohio Mar. 24, 2014) (collecting cases). There are no allegations in the Complaint regarding Plaintiff's domicile. With respect to Shuman, Plaintiff's only allegation is that Shuman is employed at "his own office."

Even with the benefit of liberal construction, there are no allegations in the Complaint from which I may infer that there is diversity of citizenship between Tellis and Shuman as required to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff has alleged no other basis for federal subject matter jurisdiction, and none is apparent from the face of the Complaint. In the absence of a cognizable federal question or a claim over which to exercise diversity jurisdiction, I lack subject matter jurisdiction and must dismiss this action pursuant to Rule 12(h)(3). *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even *sua sponte*, to dismiss any action over which it has no subject-matter jurisdiction.").

## CONCLUSION

For the reasons stated above, I dismiss this action pursuant to Fed. R. Civ. P. 12(h)(3). I grant Plaintiff's motion to proceed *in forma pauperis*.

Further, I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4